**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

|  |  |
|---|---|
| URSULA LENHARDT,<br><br>           Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, and<br>FACEBOOK/META INC.,<br><br>           Defendants. | Case No.: 25-4057-TC-GEB |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**
**OR, IN THE ALTERNATIVE, TRANSFER**
**AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

**TABLE OF CONTENTS**

**Page**

I.      PRELIMINARY STATEMENT ................................................................................ 1

II.     STATEMENT OF FACTS ..................................................................................... 2

        A.      Meta and the Facebook Service .................................................................. 2

        B.      Plaintiff's Allegations and Procedural History ......................................... 2

III.    ARGUMENT ......................................................................................................... 4

        A.      Mark Zuckerberg Should Be Dismissed ................................................... 4

        B.      This Matter Belongs in a California Court ................................................. 5

        C.      The Complaint Fails to State a Claim Upon Which Relief Can Be Granted ......... 7

                1.      The fact-checking label is not a statement of fact, is not about
                        Plaintiff, and Plaintiff alleges no resulting injury. .................................. 8

                2.      Removal of content is not a "statement" published to third parties
                        and Section 230 bars any defamation claim based on removal of
                        content. ........................................................................................ 12

        D.      Plaintiff Should Not Be Granted Leave to Amend ................................... 14

IV.     CONCLUSION .................................................................................................... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*,
428 F.3d 921 (10th Cir. 2005) .......................................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).......................................................................................................7

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*,
571 U.S. 49 (2013).........................................................................................................5

*Barger v. Playboy Enters.*,
564 F. Supp. 1151 (N.D. Cal. 1983) ............................................................................10

*Batt v. Globe Eng'g Co., Inc.*,
774 P.2d 371 (Kan. App. 1989) ...................................................................................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).......................................................................................................7

*Ben Ezra, Weinstein, and Co., Inc. v. Am. Online Inc.*,
206 F.3d 980 (10th Cir. 2000) ................................................................................12, 14

*Bowen Eng'g, Corp. v. Pac. Indem. Co.*,
83 F. Supp. 3d 1185 (D. Kan. 2015).............................................................................5

*Bowles v. Constellation Brands, Inc.*,
444 F. Supp. 3d 1161 (E.D. Cal. 2020).........................................................................8

*Brock v. Zuckerberg*,
No. 20-cv-7513-LJL, 2021 WL 2650070 (S.D.N.Y. June 25, 2021) .........................4

*Bryant v. Lowe's Home Ctrs., LLC*,
628 F. Supp. 3d 1036 (E.D. Cal. 2022).........................................................................8

*Cabesuela v. Browning-Ferris Indus. of Cal., Inc.*,
68 Cal. App. 4th 101 (1998) .......................................................................................12

*Caranchini v. Peck*,
355 F. Supp. 3d 1052 (D. Kan. 2018)............................................................................8

*Castronuova v. Meta Platforms, Inc.*,
No. 23-cv-7511, 2024 WL 1623274 (E.D.N.Y. Apr. 15, 2024)..................................7

i

*Clark v. Time Inc.*,
    242 F. Supp. 3d 1194 (D. Kan. 2017)..................................................................................8

*DeLima v. Google, Inc.*,
    561 F. Supp. 3d 123 (D.N.H. 2021)...................................................................................12

*Doe v. Kan. State Univ.*,
    499 P.3d 1136 (Kan. Ct. App. 2021) ................................................................................11

*Ebeid v. Facebook, Inc.*,
    No. 18-cv-07030, 2019 WL 2059662 (N.D. Cal. May 9, 2019)........................................13

*F.T.C. v. Accusearch Inc.*,
    570 F.3d 1187 (10th Cir. 2009) ........................................................................................13

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
    521 F.3d 1157 (9th Cir. 2008) ..........................................................................................14

*Fed. Agency of News LLC v. Facebook, Inc.*,
    395 F. Supp. 3d 1295 (N.D. Cal. 2019) ............................................................................14

*Fed. Agency of News LLC v. Facebook, Inc.*,
    432 F. Supp. 3d 1107 (N.D. Cal. 2020) ............................................................................13

*Fisher v. Lynch*,
    531 F. Supp. 2d 1253 (D. Kan. Jan. 22, 2008).....................................................................7

*Forsher v. Bugliosi*,
    26 Cal. 3d 792 (Cal. 1980)................................................................................................11

*Gallagher v. Philipps*,
    563 F. Supp. 3d 1048 (S.D. Cal. 2021)..............................................................................10

*Gohier v. Enright*,
    186 F.3d 1216 (10th Cir. 1999) ........................................................................................14

*Haarslev, Inc. v. Tom's Metal Enter., LLC*,
    No. 23-2569-KHV, 2024 WL 3494403 (D. Kan. July 22, 2024) ..........................................2

*Hale v. Emporia State Univ.*,
    No. 15-4947-SAC-KGS, 2016 WL 3277264 (D. Kan. June 15, 2016) .........................9, 10, 11

*Hayes v. Facebook*,
    No. 19-cv-02106-TSH, 2019 WL 5088805 (N.D. Cal. 2019) .............................................10

*Hunt v. Meta/Facebook*,
    No. 23-cv-3264, 2024 WL 1096758 (D. Md. March 13, 2024) .............................................7

*Igbonwa v. Facebook, Inc.*,
No. 18-cv-02027, 2018 WL 4907632 (N.D. Cal. Oct. 9, 2018) ...............................................5

*Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.,*175 F.3d 848,
(10th Cir. 1999).................................................................................................................14

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3d Cir. 1995)..................................................................................................5

*K.R.W. Const., Inc. v. Stronghold Eng'g Inc.*,
598 F. Supp. 3d 1129 (D. Kan. 2022) ....................................................................................6

*Kelvion, Inc. v. PetroChina Can. Ltd.*,
918 F.3d 1088 (10th Cir. 2019) ...........................................................................................6

*King v. Facebook, Inc.*,
No. 19-cv-01987, 2019 WL 4221768 (N.D. Cal. Sep. 5, 2019), *aff'd*, 845 F.
App'x 691 (9th Cir. 2021) ..................................................................................................13

*Koch v. Goldway*,
817 F.2d 507 (9th Cir. 1987) ...............................................................................................9

*Lloyd v. Facebook, Inc.*,
No. 21-CV-10075-EMC, 2022 WL 4913347 (N.D. Cal. Oct. 3, 2022) ...................................4

*Luttrell v. United Tel. Sys., Inc.*,
683 P.2d 1292 (Kan. Ct. App. 1984) ....................................................................................8

*Mahoney v. Meta Platforms, Inc.*,
710 F. Supp. 3d 771 (N.D. Cal. 2024) .................................................................................12

*Marcus v. Swanson*,
539 P.3d 605 (Kan. 2023)..............................................................................................9, 11

*McCarthy v. Meta Platforms, Inc.*,
No. 24-cv-14322 (S.D. Fla. Jan. 27, 2025), ECF No. 45.........................................................7

*McCauley v. Raytheon Travel Air Co.*,
152 F. Supp. 2d 1267 (D. Kan. 2001)..................................................................................12

*Milkovich v. Lorain J. Co.*,
497 U.S. 1 (1990)................................................................................................................9

*Moran v. State*,
985 P. 2d 127 (Kan. 1999)..................................................................................................11

*Partington v. Bugliosi*,
56 F.3d 1147 (9th Cir. 1995) ..............................................................................................10

*Perry v. Encore at Boulevard One LLC,*
    No. 25-1128, 2026 WL 636754 (10th Cir. Mar. 6, 2026)..........................................................7

*Reaud v. Facebook Inc.*,
    No. 23-cv-06329, 2024 WL 4126066 (N.D. Cal. Sep. 9, 2024)...............................................13

*Shrader v. Beann*,
    503 F. App'x 650 (10th Cir. 2012) .........................................................................................14

*Silver v. Quora, Inc.*,
    No. CV 15-830 WPL/KK 2016 WL 9777159, (D.N.M.), *aff'd*, 666 Fed. App'x
    727 (10th Cir. 2016)...........................................................................................................13, 14

*Standing Comm. on Discipline of the U.S. Dist. Ct.  v. Yagman*,
    55 F.3d 1430 (9th Cir. 1995) ..................................................................................................10

*Stossel v. Meta Platforms, Inc.*,
    634 F. Supp. 3d 743 (N.D. Cal. 2022) .......................................................................8, 9, 10, 11

*Taus v. Loftus*,
    151 P.3d 1185 (Cal. 2007) .........................................................................................................9

*Teran v. GB Intern., S.P.A.*,
    920 F. Supp. 2d 1176 (D. Kan. 2013).........................................................................................6

*Wise Guys I v. Meta Platforms, Inc.*,
    No. 23-cv-0217, 2023 WL 8434452 (N.D. Tex. Dec. 4, 2023)..................................................7

*Woods v. Ross*,
    No. 21-2011-DDC-TJJ, 2021 WL 3077236 (D. Kan. 2021) ......................................................5

**Statutes**

28 U.S.C. § 1404...........................................................................................................................1, 5

28 U.S.C. § 1915...........................................................................................................................1, 3

47 U.S.C. § 230(c)(1)................................................................................................................ 13, 14

47 U.S.C. § 230(f)(2) ......................................................................................................................13

Cal. Civ. Code § 45a.......................................................................................................................11

Communications Decency Act Section 230 ......................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 8(a) ...........................................................................................................................3

Fed. R. Civ. P. 12(b)(6).................................................................................................1, 7

Rest. (2d) of Torts § 564 (1977) ...............................................................................10

Defendants Mark Zuckerberg and Meta Platforms, Inc. ("Meta")[1] seek dismissal of Defendant Zuckerberg from this action and transfer of venue of Plaintiff's claim against Meta to the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. § 1404, or, in the alternative, complete dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6).

## I.     **PRELIMINARY STATEMENT**

Following the Court's screening of her Complaint pursuant to 28 U.S.C. § 1915, Plaintiff's sole surviving claim is for defamation related to a July 2024 reel (i.e., video) generated by a non-party Facebook user that Plaintiff allegedly reposted on Facebook.  Plaintiff alleges that the reel was improperly labeled as misinformation and removed from Facebook.  This series of events, she alleges, defamed her.  Plaintiff's attempt to sue Defendants in this Court on these allegations fails for multiple reasons.

In the first instance, Plaintiff has made no substantive allegations against Mr. Zuckerberg. He should therefore be dismissed from this action.

As to Meta, Plaintiff filed her lawsuit in the wrong forum.  All Facebook users agree to Meta's Terms of Service (the "TOS"), which include a valid and enforceable forum selection clause requiring actions like this one to be brought in a California court.  This case should therefore be transferred to the Northern District of California.

However, to the extent the case is not transferred, it should be dismissed in its entirety with prejudice because Plaintiff has failed to state a claim for defamation. *First*, the specific label at issue—"Misinformation. Rated by external fact-checkers."—does not support a defamation claim

---

[1] Meta's corporate name is incorrectly listed in the Complaint as "Facebook/Meta Inc."  *See* Doc. 1. Its correct corporate name is Meta Platforms, Inc.  Meta was formerly known as Facebook, Inc., but on October 28, 2021, Facebook, Inc. changed its name to Meta Platforms, Inc.

because (1) it is not a "statement of fact," but is instead a subjective interpretation of the reel's content; (2) it is not "of and concerning" Plaintiff, but instead refers to the underlying content posted by America's Frontline Doctors; and (3) Plaintiff has not alleged that she was harmed by the label. *Second*, insofar as her claim is premised on the theory that this re-posted content should *not* have been removed from Facebook, (1) removal of content is not a "statement" that is published to third parties; and (2) Section 230 of the Communications Decency Act bars the claim.

## II. STATEMENT OF FACTS

### A. Meta and the Facebook Service

Meta owns and operates online services, including Facebook, that allow users to connect with other users; post content like photos, videos, and text; and view the content posted by other users. Plaintiff's use of Facebook is governed by the TOS, to which all Facebook users must agree when they create an account. *See* Exhibit 1, Declaration of Michael Duffey in Support of Meta's Motion to Transfer or Dismiss ("Duffey Decl.") ¶ 3.[2] The TOS contain a forum selection clause, which provides that any judicial action must be brought exclusively "in the U.S. District Court for the Northern District of California or a state court located in San Mateo County." *Id.* § 4. The clause further provides that California law governs any dispute arising out of or relating to a user's access to or use of Meta services like Facebook. *Id.*

### B. Plaintiff's Allegations and Procedural History

Plaintiff initiated this action on June 12, 2025. Initially, she asserted a First Amendment claim, a Ninth Amendment claim, and a defamation claim, based on allegations that Meta removed

---

[2] A copy of the TOS in effect as of July 2024 is attached as Exhibit A to the Duffey Declaration. This Court may consider the Meta TOS in deciding Meta's motion to transfer venue. *See, e.g., Haarslev, Inc. v. Tom's Metal Enter., LLC*, No. 23-2569-KHV, 2024 WL 3494403, at *1, *2 (D. Kan. July 22, 2024) (considering affidavits containing material facts submitted by defendants in support of their motion to transfer).

and censored Facebook posts discussing non-toxic treatments for Covid-19 or suggesting that Covid-19 vaccines cause cancer.  She subsequently moved to proceed in forma pauperis.  *See* ECF No. 3.  In response, the Court screened her Complaint pursuant to 28 U.S.C. § 1915.  *See* ECF No. 12 ("R&R"), *R&R adopted at* ECF No. 15.  Following that review, the Court dismissed Plaintiff's First and Ninth Amendment claims.  *Id*.

Regarding Plaintiff's defamation claim, the R&R divided Plaintiff's allegations into three categories and recommended that only one be permitted to proceed.

First, the R&R found that Plaintiff's allegation that "some of her posts were removed without notification to her" could not support a defamation claim because "Plaintiff does not allege there are any words, false, defamatory, or otherwise used by Defendants."  *Id.* at 6.

Second, the R&R found that Plaintiff's allegation that Meta wrongly labeled a reel Plaintiff shared from America's Frontline Doctors regarding whether Covid-19 vaccines cause cancer as "unsupported" could not support a defamation claim, because Plaintiff's Attachment A showed that the "unsupported" evaluation was made by a third party, not Defendants.  *Id.*

Finally, the R&R construed the Complaint to allege that the German-language text affixed to the America's Frontline Doctors' reel: "Fehlinformation. Von externen Faktenprufern bewertet"—translated, "Misinformation.  Rated by external fact checkers."[3]—"was made by Facebook."  *Id.*  The R&R concluded that the Court was "unable to make a determination as to the falsity of the statement that America's Frontline Doctors' reel was misinformation" but that Plaintiff had "met the basic requirements of Fed. R. Civ. P. 8(a)" regarding "the removal of her post sharing America's Frontline Doctors' reel which was labeled as misinformation."  *Id*. at 7.

---

[3] Translated via Google Translate, at https://translate.google.com/?sl=auto&tl=en&op=translate.

3

This was the sole portion of Plaintiff's defamation claim that the Magistrate Judge recommended be allowed to proceed. *Id.* at 6, 9. The Court adopted the R&R in its entirety. ECF No. 15.

In recommending that a portion of Plaintiff's defamation claim be permitted to proceed, the Court relied in part on Plaintiff's allegation that Meta's conduct made Plaintiff look "ridiculous and irresponsible, diminishing the effectiveness of the detox project" she was working on. *Id.* at 3. This allegation in the Complaint, however, related solely to Plaintiff's allegations regarding Meta's alleged removal of her own content. ECF No. 1, Compl. ¶ 7. The Complaint nowhere alleges that Plaintiff was harmed by the "misinformation" label applied to the America's Frontline Doctors' reel.

## III.  ARGUMENT

### A.  Mark Zuckerberg Should Be Dismissed

Plaintiff's defamation claim against Mr. Zuckerberg fails because she has not alleged any facts to show why Mr. Zuckerberg might be individually liable. Indeed, the Complaint is devoid of a single specific allegation against Mr. Zuckerberg.[4] Where, as here, a complaint makes no substantive allegations concerning Mr. Zuckerberg's conduct, the claims against him should be dismissed. *See, e.g., Lloyd v. Facebook, Inc.*, No. 21-CV-10075-EMC, 2022 WL 4913347, at *5 (N.D. Cal. Oct. 3, 2022) (dismissing claims against Mr. Zuckerberg both as an individual and as an alter ego because the complaint did not sufficiently allege that he was personally involved in or directed the challenged acts); *Brock v. Zuckerberg*, No. 20-cv-7513-LJL, 2021 WL 2650070, at *4 (S.D.N.Y. June 25, 2021) (dismissing claims against Mr. Zuckerberg for failing to plead sufficient

---

[4] The Complaint's only allegation even relating to Mr. Zuckerberg is that Plaintiff sent him (and Meta) an after-the-fact letter, "explaining why their censorship was wrong, in order to settle the case." ECF No. 1, Compl. ¶ 11. There is no contention that Mr. Zuckerberg played any role in the alleged events giving rise to her defamation claim.

facts about Mr. Zuckerberg's personal involvement); *see also Woods v. Ross*, No. 21-2011-DDC-TJJ, 2021 WL 3077236, at *16 (D. Kan. July 21, 2021) (dismissing defamation claim against individual defendant where plaintiff failed to plead that the alleged defamatory statements were attributable to that individual).

Moreover, even if Mr. Zuckerberg could be sued based solely on the fact that he is Meta's CEO (he cannot), the bases for dismissal discussed *infra*, including Section 230 protection, would apply to any claims against him. *See, e.g., Igbonwa v. Facebook, Inc.*, No. 18-cv-02027, 2018 WL 4907632, at *6 (N.D. Cal. Oct. 9, 2018) (dismissing claims against Meta and Mr. Zuckerberg as barred by Section 230). For these reasons, the claim against Mr. Zuckerberg fails in its entirety, and he must be dismissed from the action.

### B.    This Matter Belongs in a California Court

This Court need not reach the merits of Plaintiff's claim against Meta because it must be resolved in a California court pursuant to the parties' valid and enforceable forum selection clause.

A motion to transfer venue pursuant to a forum selection clause is governed by 28 U.S.C. § 1404. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49 (2013). Under that framework, where the parties have agreed to a valid forum selection clause, neither "plaintiff's choice of forum" nor the "parties' private interests" is given any weight. *Id*. at 63-64 (stating that a valid forum selection clause "represents the parties' agreement as to the most proper forum" and "should be given controlling weight in all but the most exceptional cases").[5]

Following *Atlantic Marine*, courts in the Tenth Circuit have recognized that forum

---

[5] Decisions from the District of Kansas have determined that "the effect to be given a contractual forum-selection clause in diversity cases is determined by federal not state law." *Bowen Eng'g, Corp. v. Pac. Indem. Co.*, 83 F. Supp. 3d 1185, 1190 (D. Kan. 2015) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995)).

selection clauses are presumptively valid and enforceable. *See, e.g.*, *K.R.W. Const., Inc. v. Stronghold Eng'g Inc.*, 598 F. Supp. 3d 1129, 1139 (D. Kan. 2022) ("[A] court should not unnecessarily disrupt the parties' settled expectations, and in all but the most unusual cases the 'interest of justice' is served by holding parties to their bargain.") (cleaned up). Indeed, this Court has explicitly held that "[a] forum-selection clause is presumptively valid[, and a] party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Id.* at 1136. Moreover, the scope of the forum selection clause is interpreted "according to ordinary principles of contractual interpretation," such that where a clause contains "broadening language, such as 'related to,' 'associated with,' or 'arising in connection to,'" the clause has broad application to any claims that are presumptively related to the agreement containing the clause. *Kelvion, Inc. v. PetroChina Can. Ltd.*, 918 F.3d 1088, 1093 (10th Cir. 2019); *see also Teran v. GB Intern., S.P.A.*, 920 F. Supp. 2d 1176, 1184 (D. Kan. 2013) (citation omitted) (rejecting argument that a contractual forum selection clause did not apply to tort claims).

Here, the TOS provide that "any claim, cause of action, or dispute between [Meta and a user] that arises out of ***or relates to*** these Terms or your access or use of the Meta Products shall be resolved exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County." *See* Ex. 1, Duffey Decl. § 4 (emphasis added). Because Plaintiff's defamation claim is predicated on her use of the Facebook service to re-post third-party content, it necessarily "relates to" her use of the Meta Products, and the forum selection clause applies. In addition, the clause is mandatory, as evidenced by the unambiguous, definitive phrase "shall be resolved exclusively." *See Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 926 (10th Cir. 2005) ("Mandatory forum selection clauses contain clear language showing

6

that jurisdiction is appropriate only in the designated forum.") (cleaned up).

There are no exceptional circumstances that warrant disregarding the forum selection clause here. Courts around the country that have considered Meta's forum selection clause have ordered transfer in similar circumstances. *See, e.g.*, *McCarthy v. Meta Platforms, Inc.*, No. 24-cv-14322 (S.D. Fla. Jan. 27, 2025), ECF No. 45; *Hunt v. Meta/Facebook*, No. 23-cv-3264, 2024 WL 1096758, at *3 (D. Md. March 13, 2024); *Castronuova v. Meta Platforms, Inc.*, No. 23-cv-7511, 2024 WL 1623274, at *4-7 (E.D.N.Y. Apr. 15, 2024); *Wise Guys I v. Meta Platforms, Inc.*, No. 23-cv-0217, 2023 WL 8434452, at *1 (N.D. Tex. Dec. 4, 2023). This Court should do the same.

### C.     The Complaint Fails to State a Claim Upon Which Relief Can Be Granted

If the Court orders this action transferred to the Northern District of California, it need go no further. But if it opts to consider the merits of Plaintiff's defamation claim, it should dismiss with prejudice. Plaintiff's defamation claim fails under Rule 12(b)(6) because it does not and cannot state a viable claim for relief. To survive a motion to dismiss, a complaint must have "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Indeed, a viable claim "must allege sufficient facts to state a claim which is plausible— *rather than merely conceivable*—on its face." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. In addition, because "[s]creening takes place without the input from the defendants," a "district court can grant a motion to dismiss after letting the case proceed past the screening stage." *Perry v. Encore at Boulevard One LLC*, No. 25-1128, 2026 WL 636754, at *1 (10th Cir. Mar. 6, 2026) (affirming district court's dismissal for failure to

state a claim after the district court had allowed the claim to proceed past the screening stage).

Here, Plaintiff has failed to state a claim for defamation "regarding the removal of her post sharing America's Frontline Doctors' reel which was labeled as misinformation," ECF No. 12 at 7. To state a claim for defamation under California law, which governs pursuant to the choice-of-law provision in the TOS, a plaintiff must allege "(1) a publication; (2) that is false; (3) that is defamatory; (4) that is unprivileged; and (5) that has a natural tendency to injure or that causes special damage." *Bryant v. Lowe's Home Ctrs., LLC*, 628 F. Supp. 3d 1036, 1042 (E.D. Cal. 2022) (citation omitted). Further, "[t]he publication must be an intentional publication of a statement of fact [and t]he defamatory statement must specifically refer to, or be of and concerning, the plaintiff." *Bowles v. Constellation Brands, Inc.*, 444 F. Supp. 3d 1161, 1172 (E.D. Cal. 2020). Here, no iteration of Plaintiff's remaining defamation claim meets the pleading bar. The same would hold true if Plaintiff's claim were evaluated under Kansas law.[6]

### 1. The fact-checking label is not a statement of fact, is not about Plaintiff, and Plaintiff alleges no resulting injury.

To the extent Plaintiff is alleging that Meta's alleged application of the "Misinformation. Rated by external fact checkers." label to the America's Frontline Doctors' video she re-posted in July 2024 constitutes defamation, that theory fails on multiple fronts.

First, her claim fails because the label is not a false statement of fact, but rather, a subjective interpretation protected by the First Amendment. *See Stossel v. Meta Platforms, Inc.*, 634 F. Supp.

---

[6] To state a claim for defamation in Kansas, "a plaintiff must show (1) false and defamatory words, (2) communicated to a third person, (3) which result in harm to the reputation of the person defamed." *Caranchini v. Peck*, 355 F. Supp. 3d 1052, 1063 (D. Kan. 2018) (citing *Luttrell v. United Tel. Sys., Inc.*, 683 P.2d 1292, 1293 (1984)). In addition, in Kansas, "[t]he falsity requirement of a defamation claim means that the matter published ***concerning the plaintiff*** is not true." ECF No. 12 (citing *Clark v. Time Inc.*, 242 F. Supp. 3d 1194, 1217 (D. Kan. 2017)) (emphasis added).

3d 743, 756 (N.D. Cal. 2022) ("The First Amendment protects statements of subjective opinion, viewpoint, and interpretation[.]") (citing *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 20 (1990)); *Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007) (explaining that a statement of fact can support a defamation claim, but an expression of opinion cannot).[7] The caveat "***Rated*** by external fact checkers" shows that the label cannot be construed as an objective statement of fact that the reel contains misinformation.  The subjective nature of the label is clear on its face: it states that the post has been evaluated by external fact-checkers, and in the view of those fact-checkers, the content contains misinformation.  Thus, the "misinformation" label is not a false statement of fact, and Plaintiff's claim fails.  *See, e.g.*, *Koch v. Goldway*, 817 F.2d 507, 509 (9th Cir. 1987) ("Statements not themselves factual, and which do not suggest that a conclusion is being drawn from facts not disclosed in the statement, are commonly statements of opinion, not fact.").

*Stossel* is instructive. There, the journalist John Stossel sued Meta for defamation based on similar labels placed on his Facebook content.  One of his allegations was based on a label that, similar to the one at issue here, read "'Partly False Information' and below, in smaller font, the sentence: 'Checked by independent fact-checkers.'"  *Stossel*, 634 F. Supp. 3d at 752.  As Plaintiff does here, Mr. Stossel argued that the label should be construed as a defamatory statement of fact. The court disagreed, recognizing that "Facebook's fact-check program . . . reflects a subjective judgment about the accuracy and reliability of assertions made in the content that has been checked."  *Id.* at 756. Meaning, the "misinformation" label is based upon "the reviewer's subjective interpretation of the [video's] contents."  *Id*. at 757.  Because the alleged misinformation

---

[7] *See also Marcus v. Swanson*, 539 P.3d 605, 611 (Kan. 2023) (affirming dismissal of a defamation claim because, *inter alia*, a single star rating on Yelp "was not a statement that may be true or false[;]" rather "[i]t was an opinion"); *Hale v. Emporia State Univ.*, No. 15-4947-SAC-KGS, 2016 WL 3277264, at *9 (D. Kan. June 15, 2016) ("Neither defamation nor false light claims can be based upon statements which are opinions, as opposed to assertions of fact.").

label here similarly reflects a subjective statement of opinion, it cannot form the basis of a defamation claim. *See id.* at 759*; see also Standing Comm. on Discipline of the U.S. Dist. Ct. v. Yagman*, 55 F.3d 1430, 1440 (9th Cir. 1995) (referring to judge as "dishonest" and "anti-Semitic" was statement of opinion incapable of being proved true or false); *Partington v. Bugliosi*, 56 F.3d 1147, 1157 (9th Cir. 1995) ("[A]ssessments of a lawyer's trial performance are inherently subjective and therefore not susceptible of being proved true or false.").

Plaintiff's claim also fails because the "misinformation" label does not refer to her own content. Instead, it refers to an America's Frontline Doctors' reel regarding the possibility that vaccines may cause cancer that Plaintiff merely re-posted. The label, therefore, is not "of and concerning" Plaintiff, and she cannot state a defamation claim for this independent reason. *See Gallagher v. Philipps*, 563 F. Supp. 3d 1048, 1086 (S.D. Cal. 2021) ("The First Amendment requires a plaintiff to establish that the statement on which the defamation claim is based is 'of and concerning' the plaintiff.") (citation omitted); *see also Barger v. Playboy Enters.*, 564 F. Supp. 1151, 1153 (N.D. Cal. 1983) ("Plaintiffs who sue for defamation must show that the allegedly libelous statements were made 'of and concerning' them, *i.e.*, referred to them personally.").[8]

Nothing in the Complaint suggests that *Plaintiff* performed any role in conducting the underlying study, that *Plaintiff* analyzed its implications for human users of vaccines, or that *Plaintiff* speaks in the video to share some opinion or conclusion. As such, "[n]o reasonable person would interpret [the "misinformation" label] as being about [plaintiff] personally." *Hayes v. Facebook*, No. 19-cv-02106-TSH, 2019 WL 5088805, at *7 (N.D. Cal. 2019) (dismissing

---

[8] *See also Hale*, 2016 WL 3277264, at *9 (["T]he statement as alleged is not of and concerning plaintiff. It does not mention plaintiff. It does not refer to actions taken by plaintiff . . . . To be defamatory, a statement must be of and concerning the plaintiff.") (citing Rest. (2d) of Torts § 564 (1977)).

10

defamation claim where Facebook suggested a link might be malicious because no reasonable person would interpret the statement as being of and concerning plaintiff); *see also Stossel*, 634 F. Supp. 3d at 756 (holding that a general fact-checker statement about a video was not "of and concerning" plaintiff where "the challenged text implies or asserts that [a specific] claim is made in the video," but does not specify who made the claim). Consequently, the defamation claim should be dismissed because the allegedly defamatory statements do not refer to Plaintiff.[9]

Finally, Plaintiff fails to state a claim based on the label because she fails to allege that the label caused her harm. *See Forsher v. Bugliosi*, 26 Cal. 3d 792, 807 (Cal. 1980) (affirming dismissal of a defamation claim where plaintiff failed to plead injury, because "[u]nless there is a special damage . . . no cause of action arises").[10] Indeed, "[d]efamatory language not libelous on its face is not actionable unless the plaintiff alleges and proves that he has suffered special damage as a proximate result thereof." Cal. Civ. Code § 45a. Here, Plaintiff has not alleged that the misinformation label damaged her. Though she asserts that the removal of other posts "at least 20-times" harmed her "reputation and character as irresponsible and ridiculous," ECF No. 1, Compl. ¶ 7, nowhere in the Complaint does she allege that the misinformation label on the third-party reel harmed her.[11] Therefore, her claim should also be dismissed for this reason.

---

[9] The result is the same under Kansas law. *See, e.g.*, *Hale*, 2016 WL 3277264, at \*9 (dismissing defamation claim where statement was not of and concerning plaintiff).

[10] *See also Doe v. Kan. State Univ.*, 499 P.3d 1136, 1151 (Kan. Ct. App. 2021) (holding that, to sustain a claim, the law "requires a plaintiff in a defamation action to allege and prove actual damages; they can no longer rely on the theory of presumed damage").

[11] Reputational damage to a plaintiff may be "inferred" under Kansas law, but only if the inference is "reasonable." *See Marcus,* 539 P.3d at 611 (citing *Moran v. State*, 985 P. 2d 127 (Kan. 1999)). Given that there was no false statement of fact made about Plaintiff in this case, as discussed *supra*, it is not reasonable to infer that she suffered any reputational harm.

**2.    Removal of content is not a "statement" published to third parties and Section 230 bars any defamation claim based on removal of content.**

Insofar as Plaintiff is claiming that Meta's alleged removal of the America's Frontline Doctors' reel that she re-posted on Facebook constitutes defamation, that theory fails because removal of content is not a "statement" that Meta publishes to third parties. *See, e.g.*, *Mahoney v. Meta Platforms, Inc.*, 710 F. Supp. 3d 771, 779 (N.D. Cal. 2024) ("California courts define 'publication' as a communication to some third person who understands both the defamatory meaning of the statement and its application to the person to whom reference is made.") (citation omitted); *Cabesuela v. Browning-Ferris Indus. of Cal., Inc.*, 68 Cal. App. 4th 101, 112 (1998) ("It is axiomatic that for defamatory matter to be actionable, it must be communicated, or published, intentionally or negligently, to one other than the person defamed.") (cleaned up); *accord DeLima v. Google, Inc.*, 561 F. Supp. 3d 123, 135 (D.N.H. 2021) ("The act of a service provider disconnecting a social media account or domain name, or moderating or deleting content on these accounts, is not a 'statement' for purposes of defamation law[.]").[12]  Thus, to the extent Plaintiff seeks to impose liability based on Meta's alleged removal of content, the claim fails. *See* ECF No. 12 at 6.

A theory of defamation liability based on removal is likewise barred by Section 230. Section 230 bars lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone, or alter content. *See Ben Ezra, Weinstein, and Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 986 (10th Cir.

---

[12] *Cf. McCauley v. Raytheon Travel Air Co.*, 152 F. Supp. 2d 1267, 1277 (D. Kan. 2001) (holding that plaintiff had not stated a claim where there was insufficient evidence for a jury to conclude that a defamatory statement had been made about plaintiff); *Batt v. Globe Eng'g Co., Inc.*, 774 P.2d 371, 375 (Kan. App. 1989) (affirming dismissal as appropriate where there was "no evidence of publication or communication" of the allegedly defamatory statement).

2000) ("Congress clearly enacted § 230 to forbid the imposition of publisher liability on a service provider for the exercise of its editorial and self-regulatory functions."); *see also King v. Facebook, Inc.*, No. 19-cv-01987, 2019 WL 4221768, at *3 (N.D. Cal. Sep. 5, 2019) (dismissing claims premised on theory that Meta removed posts), *aff'd*, 845 F. App'x 691 (9th Cir. 2021).

Under Section 230(c)(1), a claim should be dismissed if (1) the respondent is a "provider . . . of an interactive computer service[;]" (2) the allegedly offending content was "provided by another information content provider[;]" and (3) the plaintiff's claims treat the respondent as the "publisher" of that content.  47 U.S.C. § 230(c)(1); *see also F.T.C. v. Accusearch Inc.*, 570 F.3d 1187, 1195 (10th Cir. 2009).  Here, all three requirements are met.

Section 230 defines an interactive computer service as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2).  Courts have uniformly held that Meta's Facebook service meets Section 230's "interactive computer service" definition, such that the first requirement is met.  *See, e.g., Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1117 (N.D. Cal. 2020); *Ebeid v. Facebook, Inc.*, No. 18-cv-07030, 2019 WL 2059662, at *3 (N.D. Cal. May 9, 2019); *see also Silver v. Quora, Inc.*, No. CV 15-830 WPL/KK 2016 WL 9777159, at *3 (D.N.M.), *aff'd*, 666 Fed. App'x 727 (10th Cir. 2016) (holding that Quora, as a website that is similar to Facebook, is an interactive computer service provider).

Section 230(c)(1)'s second requirement is also met because the content at issue was provided by an information content provider other than Meta.  Namely, it was originally provided by America's Frontline Doctors and then re-posted by Plaintiff herself.  *See, e.g.*, *Silver*, 2016 WL 9777159, at *3 (dismissing a defamation claim pursuant to Section 230 where the information was provided by another information content provider); *see also Reaud v. Facebook Inc.*, No. 23-cv-

06329, 2024 WL 4126066, at *4 (N.D. Cal. Sep. 9, 2024) (where there are no allegations that Meta "created or developed" the content displayed on Facebook, the "second part of the Section 230 test" is "satisf[ied]."); *Fed. Agency of News LLC v. Facebook, Inc.*, 395 F. Supp. 3d 1295, 1305-06 (N.D. Cal. 2019) (holding that the allegation that plaintiff "operate[s] a Facebook page through which [plaintiff] has published its posts" was an "admi[ssion] that [plaintiff] is the source of the information that Facebook removed"). Thus, Section 230's second requirement is met.

Section 230(c)(1)'s third requirement is also met because Plaintiff's allegations seek to treat Meta as a "publisher" of third-party content. "[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170-71 (9th Cir. 2008). Here, Meta's alleged decision to remove the July 2024 post falls within the purview of a publisher. *See, e.g.*, *Ben Ezra*, 206 F.3d at 986 ("By deleting the allegedly inaccurate stock quotation information, Defendant was simply engaging in the editorial functions Congress sought to protect."); *Silver*, 2016 WL 9777159, at *3 (holding that the decision of whether or not to remove allegedly defamatory content is "the very essence of publishing"). For these reasons, Section 230 bars Plaintiff's defamation claim.

### D.      Plaintiff Should Not Be Granted Leave to Amend

Leave to amend may be denied if it would be futile. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Here, Plaintiff cannot plead any facts that would cure the defects in her Complaint, such that any amended pleading would still fail to state a viable claim and "be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Moreover, to the extent Plaintiff's defamation claim is based on an allegedly improper decision to remove content, it will be barred by Section 230(c)(1). *Shrader v. Beann*, 503 F. App'x

650, 653 (10th Cir. 2012) (dismissing claims barred by Section 230 with prejudice).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court dismiss Defendant Zuckerberg from this action and transfer the remaining action to the Northern District of California or, in the alternative, dismiss the Complaint without leave to amend.


Dated:  May 12, 2026                              Respectfully submitted,

                                                  **SHOOK, HARDY & BACON L.L.P**

                                                  By: /s/  Russell J. Shankland
                                                  Russell J. Shankland, D. Kan. #78676
                                                  Minha A. Jutt, D. Kan. #79267
                                                  2555 Grand Blvd.
                                                  Kansas City, Missouri 64108
                                                  Telephone: (816) 474-6550
                                                  Facsimile: (816) 421-5547
                                                  rshankland@shb.com
                                                  mjutt@shb.com

                                                  *Counsel for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that a true copy of the foregoing was filed via the Court's electronic filing system on May 12, 2026.  Pursuant to the Federal Rules of Civil Procedure, a paper copy of the foregoing was mailed to the plaintiff, alongside a copy of the notice of electronic filing, at the following address:

Ursula Lenhardt

489 South East Street

Mankato, KS 66956

_/s/ Russell J. Shankland_
Attorney for Defendants

16